UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DALE ARGO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:07-0350 |
| | ) Judge Echols |
| STATE OF TENNESSEE and GEORGE LITTLE, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM

This is an action purportedly brought under 42 U.S.C. § 1983 in which Plaintiff, Dale Argo, challenges a provision for community supervision for life which was added to his sentence for aggravated sexual battery. Defendants have moved for summary judgment (Docket Entry No. 8), primarily on the grounds that any claim Plaintiff has is in the nature of a petition for habeas corpus. Alternatively, Defendants argue that Plaintiff's claims are barred by the Rooker-Feldman doctrine. At a minimum, Defendants assert that Defendant George Little, the Commissioner of the Tennessee Department of Corrections, should be dismissed from this action because he has not been shown to have had personal involvement with the events at issue. Plaintiff opposes the motion.

## I. FACTS

The facts are undisputed and are as follows. On July 21, 1999, Plaintiff pled guilty in the Rutherford County Circuit Court to two counts of Aggravated Sexual Battery in violation of T.C.A. § 39-13-504. He received a sentence of eight years on each count, with the sentences to be served concurrently. The original judgment did not indicate Plaintiff was sentenced to community supervision for life as required by T.C.A. § 39-13-524.

1

On February 9, 2006, towards the end of Plaintiff's term of imprisonment at the Deberry Special Needs Facility, Torye Lee ("Lee"), the manager of the Tennessee Sentence Management Services ("TSMS"), was informed Plaintiff's judgment orders should have been marked "lifetime supervision," but were not. Accordingly, Lee wrote William Whitesell, the District Attorney General for Rutherford County, informing him of the omissions. On April 12, 2006, SMS received amended orders indicating that Plaintiff was sentenced to community supervision for life following the expiration of his term of incarceration. The following day, a lifetime supervision flag was entered into the Tennessee offender management information computer system.

Plaintiff was released from prison on May 26, 2006 after he reached the expiration of his eight year sentence. He filed the present action on March 30, 2007.

## II. STANDARD OF REVIEW

A party may obtain summary judgment if the evidence establishes there are not any genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The

2

nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. ANALYSIS

The basis of Plaintiff's complaint is that he was denied his "substantive due process rights granted by the First and Fourteenth Amendments." (Amended Complaint ¶ 1). He claims federal question jurisdiction pursuant to 42 U.S.C. § 1983. Defendants assert Plaintiff's remedy is via a habeas corpus petition under 28 U.S.C. § 2254 and, in any event, his claim is barred because he is challenging a lawful state court judgment which has not been overturned.

It has been observed "that it is not always easy to determine whether to bring a section 2254 habeas petition or a section 1983 civil rights claim[.]" Woodruff v. Everrett, 43 Fed. Appx. 244, 245 (10th Cir. 2002). Generally, however, "[c]hallenges to the fact of conviction or confinement or the duration of confinement are cognizable only under the habeas statute . . . while section 1983 actions are typically the proper vehicle for attacking unconstitutional conditions of confinement and parole procedures." Id. (internal citations omitted). Thus, "a party may not bring a § 1983 claim if success "would necessarily imply the invalidity" of a conviction or sentence that has not already been reversed, expunged, declared invalid, or called into question by issuance of a writ of habeas corpus."

3

Wiggins v. Donio, 245 Fed. Appx. 190, 192 (3d Cir. 2007) quoting, Heck v. Humphrey, 512 U.S. 477, 487 (1994).

In support of his contention that his action is properly brought under section 1983, Plaintiff relies exclusively upon Wilkinson v. Dotson, 554 U.S. 74, 82 (2005) in which the Supreme Court held that a constitutional challenge to state parole eligibility requirements was properly brought under section 1983 because such a challenge was not at the "core of habeas corpus[.]" In so doing, the Supreme Court focused on the remedy sought and explained that where "a favorable judgment will not 'necessarily imply the invalidity of their conviction[s] or sentence[s],'" id. (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)), relief may be had through section 1983. On the other hand, the "core of habeas corpus" includes efforts at obtaining release from confinement or judicial invalidation of a sentence or level of confinement. Id. The Supreme Court further explained it "has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement-either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 1286 (italics in original).

Here, there can be no question but that Plaintiff is challenging the validity of his sentence. He is seeking, through this section 1983 action, to have this Court declare that the imposition of supervision for life was unlawful. Under Tennessee law, a sentence of community supervision for life is a part of the judgment and conviction. T.C.A. § 39-13-524(b). Because it is a part of the judgment of conviction, the wrongful imposition of the condition renders a sentence illegal and a trial court has the power to correct the error at any time. State v. Bronson, 172 S.W.3d, 600, 601 (Tenn. Ct. App. 2005). "A plaintiff may not bring a civil rights suit if a favorable result in the suit

4

would necessarily demonstrate the invalidity of an outstanding criminal judgment against the plaintiff." Roth v. Green, 466 F.3d 1179, 1189 (10th Cir. 2006).

The Court recognizes that Plaintiff is no longer incarcerated and hence may be said not to be "in custody." However, under the amended judgment, Plaintiff is subject to lifetime supervision under the control of the Tennessee Board of Probation and Parole. "Post-release supervision, admitting of the possibility of revocation and additional jail time, is considered to be "custody." Earley v. Murray, 451 F.3d 71, 75 (2d Cir. 2006); see also, Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006)(plaintiff "remains 'in custody' while on supervised release"); Cake v. Schiedler, 2000 WL 1335544 at *1 n.4 (9th Cir. 2000)("as [plaintiff] still serves his post-prison supervised release term, he is in custody for the purpose of habeas review").

Plaintiff's present action is also barred by the Rooker-Feldman doctrine.[1]  "Under the Rooker-Feldman doctrine, federal courts lack jurisdiction over 'cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Thomas v. Eby, 481 F.3d 434, 438 (6th Cir. 2007)(citation omitted).

Here, Plaintiff's claim can only succeed to the extent that the state court wrongly decided to amend the judgment. "Where federal relief can only be predicated upon conviction that the state court was wrong," the Rooker-Feldman doctrine applies to the federal action. DLX, Inc. v. Kentucky, 381 F.3d 511, 517 (6th Cir. 2004); see also, Kafele v. Lerner, Sampson & Rothfuss, L.P.A., 161 Fed. Appx. 487, 491 (6th Cir. 2005)(citation omitted)("the plaintiffs' claims are

---

[1] See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

5

'predicated on their conviction that the state courts were wrong,' and therefore, satisfy 'the very definition' of a case requiring Rooker-Feldman abstention").

In light of the foregoing, the Court concludes that Plaintiff's action must be dismissed. Because of that, the Court need not reach individual Defendant George Little's claim that if the entire case is not dismissed, the case against him should be dismissed.

## IV. CONCLUSION

On the basis of the foregoing, Defendants' Motion for Summary Judgment (Docket Entry No. 8) will be granted and this case will be dismissed.

An appropriate Order will be entered.

*[signature]*

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE